compiled by our Administrative Office, the circumstances of the crime, and the character and record of appellant, in accordance with the requirements set forth in *Commonwealth v. Frey*, 504 Pa. 428, 475 A.2d 700 (Pa.1984), *cert. denied*, 469 U.S. 963, 105 S.Ct. 360, 83 L.Ed.2d 296 (1984), we do not find the sentence imposed upon this defendant to be disproportionate to the sentence imposed upon defendants in similar cases.[15] Accordingly, for the reasons as set forth herein, the judgment of sentence of death must be affirmed.[16]

NIGRO, J., files a concurring opinion.

NIGRO, Justice, concurring.

While I join the Majority's opinion, I write separately to note that I would have also addressed, pursuant to the relaxed waiver rule applicable to direct appeals in capital cases, Appellant's distinct claim that the trial court erred in charging the jury regarding conspiracy liability as it relates to first degree murder. *See Commonwealth v. Zettlemoyer*, 500 Pa. 16, 50 n. 19, 454 A.2d 937, 955 n. 19 (1982) (under this Court's practice of relaxing waiver rules in death penalty cases, "significant issues perceived *sua sponte* by this Court, or raised by the parties, will be addressed and, if possible from the record, resolved"). Appellant raises this claim of underlying error by the trial court in addition to his claim that counsel was ineffective for failing to object to the charge given by the trial court on conspiracy liability. The Majority addressed only the ineffectiveness claim.

When reviewing Appellant's claim that trial counsel was ineffective for failing to object

to the charge on conspiracy liability, the Majority agreed with Appellant that the instruction was erroneous but found that it had not prejudiced Appellant. I agree with this analysis. However, for purposes of reviewing Appellant's underlying claim of trial court error, I would also find that such error was harmless, given the circumstances of this case, the trial court's charge to the jury when read as a whole, and most significantly, the jury's conviction of Appellant for conspiring to kill Mr. Rankine. Thus, in addition to the Majority's conclusion that Appellant's ineffectiveness claim fails, I would also find that Appellant is not entitled to relief on the basis of the trial court's improper instruction on co-conspirator liability.[1]

**COMMONWEALTH of Pennsylvania,
Respondent,**

v.

**Robert BOYDEN, Sr., Petitioner.**

Supreme Court of Pennsylvania.

Nov. 12, 1998.

**15.** Subsection (h)(3)(iii) of 42 Pa.C.S. § 9711 has been amended to delete the requirement for a proportionality review effective June 25, 1997. However, as the defendant herein was convicted and sentenced prior to the amendment, a proportionality review is mandated. *Commonwealth v. Gribble*, 550 Pa. 62, 703 A.2d 426 (Pa.1997).

**16.** The Prothonotary of the Supreme Court is directed to transmit the full and complete record of this case to the Governor forthwith. 42 Pa. C.S. § 9711(i).

**1.** Likewise, Appellant raises several other underlying claims of trial court error and prosecutorial

misconduct and in the alternative, claims that trial counsel was ineffective for failing to object to these alleged errors committed by the trial court or by the prosecutor. While the Majority addresses the merits of some of the underlying claims of error while examining others only as ineffectiveness claims, I would have independently addressed all of Appellant's distinct claims of trial court error in light of this Court's relaxed waiver rule. However, since I agree with the Majority that these claims are without merit, Appellant would not be entitled to relief on the basis of these claims under either analysis.

## *ORDER*

PER CURIAM.

**AND NOW**, this 12th day of November, 1998, the Petition for Allowance of Appeal is granted limited to the issue of whether or not the trial court erred in denying the suppression motion.

**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Jerome GIBSON, Appellant.**

Supreme Court of Pennsylvania.

Argued Feb. 2, 1998.
Decided Nov. 17, 1998.
Reargument Denied Dec. 18, 1998.